IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CR. NO. 2:08-cr-62-WKW |
| v. ) | |
| ) | |
| TAMMY L. HOLLOWAY ) | |
| a/k/a Tammy Holloway Curry ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:        TIMOTHY CHARLES HALSTROM

ASSISTANT U.S. ATTORNEY:        CHRISTOPHER A. SNYDER

### COUNT AND STATUTE CHARGED:

Count 1-2        18 U.S.C. §§ 641 and 2  (Theft of Government Property)

Count 3.        18 U.S.C. §§ 1028A(a)(1) and 2  (Aggravated Identity Theft)

### COUNT PLEADING TO PURSUANT TO PLEA AGREEMENT

Count 2:        18 U.S.C. §§ 641 and 2  (Theft of Government Property)

Count 3:        18 U.S.C. §§ 1028A and 2  (Aggravated Identity Theft)

### STATUTORY MAXIMUM PENALTIES

Count 2:        18 U.S.C. §§ 641 and 2 (Theft of Government Property)

Sentence: a term of imprisonment of not more than ten years, and a fine of not more than $250,000, or both; a term of supervised release of not more than three years; an assessment fee of $100; and an order of restitution.

Count 3:        18 U.S.C. §§ 1028A and 2  (Aggravated Identity Theft)

A term of imprisonment of not less than two years per conviction in addition to the punishment provided for each of the underlying felony convictions, and a fine of not more than $250,000, or both; a term of supervised release of not more than one year; an assessment fee of $100;

and an order of restitution.

## ELEMENTS OF THE OFFENSES

Count 2:     <u>18 U.S.C. §§ 641 and 2</u> (Theft of Government Property):

1. The money or things of value belonged to the United States and had a value in excess of $1000;

2. That the Defendant received that money or property;

3. That the Defendant knew the money or property was stolen or converted; and

4. That the Defendant acted knowingly and willfully with intent to convert the money or property.

Count 3:     <u>18 U.S.C. §§ 1028A and 2</u>     (Aggravated Identity Theft)

1. That the defendant knowingly used or possessed the "means of identification" of another person;

2. That the use or possession was without lawful authority, that is without the authorization of the issuing government entity to use the means of identification; and

3. That the use or possession was during and in relation to a theft of government property, as charged in Count 2 of Indictment.

*****************************************************************

Christopher A. Snyder, Assistant United States Attorney, and Timothy Charles Halstrom, attorney for the defendant, pursuant to Fed. R. Crim. P. 11(c)(1)(A) and 11(c)(1)(C), have, with the authorization of the undersigned defendant, entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment in this case and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the

defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, this guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

1. For purposes of the calculation of defendant's offense level under the 2007 United States Sentencing Guidelines, the government and defendant agree that:

   a. A 2-level decrease for acceptance of responsibility is applicable, see U.S.S.G. § 3E1.1(a), so long as, between the date of this agreement and the date of sentencing, defendant does not obstruct justice, commit any new federal or state offenses, or otherwise fail to accept responsibility for the offense conduct.

   b. The government will move for an additional 1-level decrease based on defendant's timely notification of her intent to plead guilty, see U.S.S.G. § 3E1.1(b), if that decrease is applicable to defendant's sentence, and so long as, between the date of this agreement and the date of sentencing, defendant does not obstruct justice, commit any new federal or state offenses, or otherwise fail to accept responsibility for the offense conduct.

   c. The defendant will not argue for a downward departure, and the government will not argue for an upward departure.

   d. Neither the defendant, nor the government will request a variance of the sentence imposed pursuant to the factors enumerated in 18 U.S.C. § 3553, as would otherwise been permitted under *United States v. Booker*.

2. The government agrees, with the defendant, to a sentence as follows:

   a. In regards to the defendant's statutory portion of her sentence, the parties agree that the defendant's aggravated identity theft conviction, shall run consecutive to her Guideline sentence related to her underlying theft of property conviction as is required by the statute. See U.S.S.G. § 2B1.6 and 18 U.S.C. § 1028A.

   b. In regards to the defendant's Guidelines portion of her sentence, the parties agree to a sentence as follows:

      (1). if the final Guidelines Range as calculated by the Court is determined to be in Zone A, then a sentence of no more than three years

probation; or

(2). if the final Guidelines Range as calculated by the Court is determined to be in Zone B, then a sentence of up to five years probation, including home detention for a period equal to the bottom of the applicable Guidelines Range; or

(3). if the final Guidelines Range as calculated by the Court is determined to be in Zone C, then a split sentence in which the total term of custody is equal to the bottom of the applicable Guideline Range as calculated by the Court; or

(4). if the final Guidelines Range is determined to be in Zone D, then a term of incarceration equal to the bottom end of the applicable Guideline Range as calculated by the Court.

3. The government agrees to dismiss count 1 at sentencing.

4. The government agrees, with the defendant, that the defendant will pay restitution in an amount calculated by the Court.

5. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

1. The defendant agrees to plead guilty to Counts 2-3 of the Indictment.

2. Defendant agrees to pay restitution, and the sentence as set forth in paragraphs 1 through 4 of the government's provisions.

3. The defendant further agrees to the following:

   a. To not commit state, federal, or local crimes.

   b. To waive appeal and collateral attack as detailed below.

   c. To forfeit any and all firearms in her possession.

4.      The defendant understands that the while the United States Sentencing Guidelines are advisory, the defendant agrees to be sentenced in accordance with the Guidelines.

5.      The defendant agrees (1) that facts used to determine the defendant's Guideline offense level and sentence will be found by the Court by a preponderance of the evidence and (2) that the Court may consider any reliable evidence, including hearsay.

## FACTUAL BASIS

The defendant admits the allegations charged in Counts 2-3 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as follows:

1.      At all times relevant to, the defendant, Tammy L. Holloway, was a resident of Montgomery, Alabama.

2.      On or about September 25, 2005, an application was filed with the Federal Emergency Management Agency ("FEMA"), an agency within the United States Department of Homeland Security, for benefits in connection with Hurricane Katrina, in the name of "David J. Coleman." That application falsely represented that the applicant had suffered losses to a property rented as the applicant's primary residence in New Orleans, Louisiana. In fact, the applicant did not reside in Louisiana and did not suffer the losses claimed.

3.      FEMA accepted the application and caused a $2,000 United States Treasury checks to be mailed to Holloway's Montgomery, Alabama residence. On or about September 28, 2005, Holloway–knowing of the check's falsity–received the check, took it to her bank, and used her bank account to cash it.

4.      In the application itself and on the back of the check, Holloway used without lawful authority, the social security number of another, which ending in the last four digits 6012.

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant specifically waives the right to appeal the sentence on the grounds that the sentencing guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Indictment, admitted by the Defendant, found by a jury, or found beyond a reasonable doubt. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct, or to collaterally attack the sentence imposed on those grounds. But, other than those grounds, the defendant expressly waives the right to appeal or collaterally attack her conviction or sentence on any other ground.

Notwithstanding the above, the defendant reserves the right to file a direct appeal of an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history category) or § 5K2.O (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure. Defendant knowingly and voluntarily waives any rights defendant has under federal law to a jury determination of any fact affecting Defendant's sentence.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution

at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver as to any issue the defendant may raise pursuant to 18 U.S.C. § 3742(a).

## APPLICATION OF SENTENCING GUIDELINES AND 18 U.S.C. § 3553(a)

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant understands that the Court is required to consider any applicable sentencing guidelines but may depart from these guidelines under some circumstances. Defendant acknowledges that defendant and defendant's attorney have discussed the sentencing guidelines and defendant understands how the guidelines are applicable to defendant's case. Defendant further understands that the Court will consider the factors enumerated in Title 18, United States Code, Section 3553(a), in imposing a sentence. Specifically, the Court will consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the sentencing guidelines;

(5)   any pertinent policy statement – (A) issued by the Sentencing Commission subject to any amendments made to such policy statement by act of Congress; and (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced;

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

1.   The defendant, before entering a plea of guilty to Counts 2-3 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

   a.   The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

   b.   Other than as provided for under Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, the Defendant acknowledges that a breach of this Plea Agreement by the Defendant will not entitle her to withdraw her guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

   c.   The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of

sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing and submitting to the court or the government any financial statements, the defendant is representing that the statement is true and accurate to the best of the defendant's information, knowledge, and belief.

d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is

voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

   h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

   i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

   j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

   k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

   2. The undersigned attorney for the government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal

Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

3. The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney.

This 11TH day of August, 2008.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

_____
Christopher A. Snyder

Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104

_____
Louis V. Franklin
Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, Timothy Charles Halstrom.

_____
Tammy L. Holloway
Defendant

8/13/08
Date

_____
Timothy Charles Halstrom
Attorney for the Defendant

8/13/08
Date

-12-