IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TAMMY HOLLOWAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:09cv760-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Tammy Holloway ("Holloway") has filed a motion under 28 U.S.C. § 2255 challenging her conviction and sentence for aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). That statute imposes a mandatory consecutive two-year prison term upon persons convicted of certain other crimes if, during (or in relation to) the commission of those other crimes, the offender "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." Holloway pled guilty to aggravated identity theft and at the same time pled guilty to theft of government money in violation of 18 U.S.C. §§ 641 & 2, one of the enumerated underlying offenses giving rise to a conviction and sentence for aggravated identity theft. *See* 18 U.S.C. § 1028A(a) & (c). The district court sentenced Holloway to one day of imprisonment for the theft of government money and imposed the mandatory consecutive two-year term of imprisonment for the offense of aggravated identity theft.

The charges against Holloway stemmed from her filing of a fraudulent application for benefits with the Federal Emergency Management Agency ("FEMA") in connection with property losses she falsely claimed to have suffered from Hurricane Katrina. In filing the fraudulent application, Holloway provided FEMA officials with a Social Security number that belonged to another actual person. When Holloway entered her guilty pleas, and at the time of her sentencing on October 29, 2008, controlling law in the Eleventh Circuit provided that in order to satisfy the knowledge requirement of the aggravated identity theft statute, a defendant not need to be aware that the means of identification of another person used by the defendant (in Holloway's case, another individual's Social Security Number) had been assigned to an actual individual. *See United States v. Hurtado*, 508 F.3d 603, 608-10 (11th Cir. 2007).

On May 4, 2009, *Hurtado* and the Eleventh Circuit's construction of the aggravated identity theft statute was abrogated by the United States Supreme Court's decision in *Flores-Figueroa v. United States,* ___ U.S. ___, 129 S.Ct. 1886 (2009). In *Flores-Figueroa*, the Supreme Court held that in order to convict a person of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), the government is required to prove that the defendant knew that the means of identification at issue (e.g., a Social Security Number) belonged to another actual individual. 129 S.Ct. at 1894.

In her § 2255 motion, Holloway maintains that she was unaware that the Social Security Number submitted to FEMA with her fraudulent application for benefits belonged

to another actual individual. She asserts that she raised this issue in an objection to her presentence report, but that "the issue was overruled and no appeal was taken again based on [the] Eleventh Circuit Holding." (*Doc. No. 1 at p. 11*). She contends that in light of the Supreme Court's holding in *Flores-Figueroa*, she is being held illegally and in violation of her constitutional rights. She requests that her sentence be vacated and that she be resentenced in conformity with *Flores-Figueroa*. (*Doc. No. 1 at p. 5.*)

In compliance with the orders of this court, the government filed a response to Holloway's § 2255 motion. In its response, the government states as follows:

> Based only upon the facts of this case, the United States concedes that Holloway is entitled to the granting of a Writ of Habeas Corpus. Her judgment should be vacated and her case set for re-sentencing.

(*Doc. No. 6 at p. 1.*)

Under the facts of this case, and in light of the government's concession that Holloway is entitled to relief based on her claims, the undersigned finds that Holloway's 28 U.S.C. § 2255 motion should be granted. Accordingly, it is the

RECOMMENDATION of the Magistrate Judge that Holloway's motion to set aside, vacate, or correct sentence pursuant to 28 U.S.C. § 2255 be GRANTED; that the judgment in Holloway's criminal case, Case No. 2:08cr62-WKW, be vacated; and that Holloway's case be set for resentencing.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before **October 5, 2009**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 22nd day of September, 2009.

                      /s/Wallace Capel, Jr.
                        WALLACE CAPEL, JR.
                        UNITED STATES MAGISTRATE JUDGE